HODGE vs. WHITALL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Where a concordat was made by J. E. W., one of the members of the firm
of W., J. & Co., and charged with the administration of the affairs of said
*firm*, &c., *of the one part*, and *the creditors of said firm*, of the other, in
which " a full and entire acquittance, and discharge as well, to the said
J. E. W., as to the members of said firm, individually and jointly, of all
claims, debts and demands, whatsoever" is granted : *Held*, that the parties
of the second part acted only in the capacity of "*creditors* of the *firm*,"
and that J. E. W. was not thereby released from an individual debt he
owed an individual creditor, who was a party to the concordat.

This is an action instituted on two promissory notes, one
for three thousand dollars, and one for four thousand dollars,
executed by the defendant the 9th November, 1832, payable
two years after date, to the order of Whitall, Jaudon & Co.,
of which firm the maker of the notes was a member, and by
them endorsed in blank. They purport to have been given
in part of the price of a lot of ground in New-Orleans, and
secured by a mortgage retained on it. There was a payment
made on one of them of fifteen hundred dollars, the 19th
February, 1838, by the defendant, to the present holder.

The defendant expressly denied being indebted to the
plaintiff, in any manner whatever; having been released
from this and all other claims by *a concordat with his creditors*,
to which the plaintiff was a party.

The following clauses of the concordat constitute the
grounds of defence :

"Personally came and appeared, Joseph E. Whitall, of
New-Orleans, one of the members of the firm of Whitall,
Jaudon & Co., trading in the city of New-Orleans, and
charged with the administration of the affairs of said firm,
which said firm is composed of the said Joseph E. Whitall,
and Ashbel G. Jaudon, residing in Philadelphia, *of the one
part ;* and the *undersigned, creditors of said firm, of the other*

*part;* who', hereby agree, that whereas the said firm of Whitall, Jaudon & Co. having, by the pressure of the times, various failures of their debtors, and losses in trade, become unable to meet their engagements, they propose extra-judicially, to make a cession, as well of the partnership effects *as the individual property of the said J. E. Whitall,* and an adjustment with their creditors on the following terms and conditions, to wit. :

" The said parties of the first part hereby transfer and assign *to the parties of the second part,* all the property, moveable and immoveable, rights, credits and effects whatsover, in any wise belonging to or appertaining to said firm, or *to the said J. E. Whitall,* according to the annexed schedule, &c., to be administered, sold and disposed of by such syndic or agent, and at such times and on such terms as the said parties of the *second part,* or the majority in number and amount shall decide on ; and in case of an equality in amount, as the majority in number shall decide on :

" The proceeds to be disposed of equally amongst said creditors, and any others who may within one year from the execution of this act choose to become parties ; regard being always had to priority of privileges, and mortgages, where they exist, &c.

" That *in consideration thereof,* the said parties of the second part, as well as those who may hereafter become such, do covenant and agree, that they will give, and do by these presents *give a full and entire acquittance and discharge, as well to the said Joseph E. Whitall, as to the members of said firm, individually and jointly, of all claims, debts and demands whatsoever.*"

The foregoing are the clauses in the concordat relied on. The notes now in suit are placed on the schedule, which is headed, " Statement of Whitall, Jaudon & Co.'s affairs," and are endorsed by the *firm* as the payees. They are placed under the head of "Bills Payable." Andrew Hodge, the plaintiff, is set down in the list of creditors, for twenty-six dollars and fifty-two cents. The lot of ground was placed among the assets under the head of "Real Estate," for which

Whitall gave the notes in question. On this evidence, the parish judge, presiding was of opinion, that the arrangement between the creditors of Whitall, Jaudon & Co. cannot be set up as a bar to the claim of a creditor of J. E. Whitall *individually.* Judgment was given for the amount due on the notes, and the defendant appealed.

*L. Peirce,* for the plaintiff, urged the affirmance of the judgment, as being in accordance with law and the evidence. The concordat relied on did not discharge the defendant from his individual liabilities; and he is consequently bound as the maker of the notes sued on.

*Strawbridge,* for the defendant, insisted that he was discharged by the concordat, because it gives a full and entire discharge to J. E. Whitall, as well to the members of the firm, individually. The plaintiff was a party to this act discharging the defendant, and cannot now claim this debt from him.

*Martin, J.,* delivered the opinion of the court.

The defendant resists the plaintiff's action on his two promissory notes, on the allegation that he is released by a concordat with his creditors, to which the plaintiff was a party. The court rendered judgment against him, being of opinion that the concordat, with the creditors of the defendant, and *Jaudon, his partner,* could not be set up against the claim of his individual creditor.

The record shows, that the notes were drawn by the defendant to the order of his firm, and by them endorsed, in blank, to N. Goodale, and by him, in the same manner, to the plaintiff.

By the concordat between the firm and their creditors, one of whom the plaintiff was, "a full and entire acquittance and discharge, as well to the said Joseph E. Whitall as to the members of said firm, individually and jointly, of all claims, debts and demands, whatever," was granted. The parties to the concordat are "Joseph E. Whitall, one of the members of the firm of Whitall, Jaudon & Co., trading in

EASTERN DIST. the city of New-Orleans, and charged with the administra-
June, 1840.   tion of the affairs of said firm, which said firm is composed
HODGE        of the said Joseph E. Whitall and Ashbel G. Jaudon,
vs.          residing in the city of Philadelphia, of the one part; and
WHITALL.     the creditors *of said firm, of the other.*" It is clear that the
parties of the second part acted in this concordat in no other
capacity than as creditors of *the firm;* and that the debts
which were the objects of the concordat, were those of the
firm only.   The judge *a quo,* therefore, correctly concluded
that the defendant, being the plaintiff's debtor, as maker of
the note in his individual name, and also as a member of
the firm, who were the endorsers, the arrangement made
between the creditors of the *firm* and their debtors, could
not be opposed to the claim of an individual creditor of the
defendant.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed, with costs.